IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHILEISHA YUVETTE MOTLEY, | : | |
| | : | Civil Action 2:23-cv-3478 |
| Plaintiff, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Chelsey M. Vascura |
| DREAM LIVING LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter comes before this Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* filed on October 19, 2023. (ECF No. 1). The following day, on October 20, 2023, the United States Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court deny Plaintiff's Motion for Leave to Proceed *in forma pauperis* and requiring Plaintiff to pay the required $402.00 filing fee if she wishes to proceed. (ECF No. 2). Plaintiff was notified of her right to object to the R&R within fourteen days and of the rights she would waive by failing to object. (*Id.* at 2-3). Plaintiff failed to object within the fourteen day period.

One is not required to decide between the necessities of life and the payment of the court's filing fee. *See Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). An affidavit of poverty is sufficient for a court to decide to move forward *in forma pauperis*, *Id.*, if such an affidavit shows that the plaintiff cannot pay the filing fee without undue hardship. *Foster v. Cuyahoga Dep't of Health and Hum. Servs.*, 21 F App'x 239, 240 (6th Cir. 2001). *In forma pauperis* status is reserved for those plaintiffs who would be required to forgo "food, shelter, clothing, or some other necessity" if they were required to pay a judicial filing fee. *Bush v. Ohio*

*Dep't of Rehab. and Corr.*, No. 2:05-cv-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007). Courts generally examine an applicant's employment, income, expenses, and any property or assets the applicant possesses when considering applications to proceed *in forma pauperis*. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

This Court does not find that Plaintiff would be required to give up life necessities to pay the filing fee. Plaintiff's affidavit indicates a monthly income of $3,500 and monthly expenses totaling $2,302.56, which leaves Plaintiff with $1,197.44 in discretionary monthly income. (ECF No. 1 at PageID 2-3). Plaintiff's affidavit claiming discretionary income of $1,197.44 per month does not demonstrate an inability to pay for the costs of this litigation and still provide for herself the necessities of life. *See, e.g., Beers v. Williamson Morgan & Assocs. LLC*, No. 2:24-cv-00479, 2024 WL 816075, at *1 (S.D. Ohio Feb. 8, 2024), *report and recommendation adopted*, No. 2:24-cv-479, 2024 WL 813879 (S.D. Ohio Feb. 27, 2024) (holding that a plaintiff who receives Social Security, has $3,500 in the bank, and with expenses of $1,000 per month did not show a level of impoverishment that would require the court to conclude that paying a filing fee would cause Plaintiff to be deprived of the necessities of life).

This Court concludes that the Magistrate Judge did not err in recommending that Defendant's Motion be denied. Furthermore, this Court's independent review of the entire record convinces this Court that the Magistrate Judge's decision enjoys substantial support and complied with all applicable standards. Seeing that no objections have been filed in response to the R&R and the fourteen-day window for filing objections under Fed. R. Civ. P. 72(b) has passed, this Court

now **ADOPTS** the R&R (ECF No. 2) and **DENIES** Plaintiff's Motion to Proceed *in forma pauperis*. (ECF No. 1). This case is now **DISMISSED**.

   **IT IS SO ORDERED.**

                 _____
                 **ALGENON L. MARBLEY**
                 **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 12, 2024**